THE S. HAMMILL COMPANY, Appellant, v. GIDEON VAN LOON AND WILLIAM VAN LOON.

**Mortgage:** FRAUDULENT PAYMENT, WHAT IS NOT. The failure to file a chattel mortgage does not render a mortgagee liable for the proceeds realized on a sale of the mortgaged property by the mortgagor with his permission, and received by him under arrangement with the latter, to creditors whose claims accrued after the mortgage and before the sale, but who acquired no lien on the mortgaged property.

*Appeal from Lucas District Court.*—HON. ROBERT
SLOAN, Judge.

SATURDAY, OCTOBER 16, 1897.

*Will B. Barger* and *Hughes & Roberts* for appellants.

*Stuart & Barthelomew* for appellees.

KINNE, C. J.—Plaintiff firm, being creditors of
the defendant Gideon Van Loon, bring this action in
equity, wherein they ask to have a mortgage held by
the defendant William Van Loon upon the stock of
goods of the defendant Gideon Van Loon set aside as
fraudulent and void as to them, and for personal judg-
ment against said William Van Loon. Their claim is
that the said William Van Loon, by withholding his
said mortgage from record, induced them to extend
credit to said Gideon, which would not have been
extended had they had notice of the existence of said
mortgage. The facts disclosed by the pleadings and
evidence are substantially as follows: Gideon Van
Loon was in 1894 engaged in the grocery business at
Chariton, Iowa. In December of that year, Gideon gave
to William a note for two hundred and fifty dollars,
payable April 1, 1895, and a mortgage on his stock
securing the same. March 20, 1895, William, upon the
promise of Gideon to pay the note, canceled the mort-
gage of record. Afterwards, and on the same day,
Gideon concluded not to pay the note at that time.
William informed him that he (William) had already
canceled the mortgage supposing he was going to pay
the debt. Finally Gideon gave William a new note
and mortgage for the same debt. William neglected to
file this mortgage for record until September 20, 1895.
On that day he filed for record the mortgage above

mentioned, and also another mortgage, the considera-
tion of which was a debt paid by William for Gideon,
and the securing the repayment of one hundred dollars
which William had loaned to Gideon.    Afterwards
Gideon mortgaged his stock of goods to another cred-
itor, which mortgage was purchased by William.
About September 20, 1895, William Van Loon had an
arrangement with Gideon whereby the latter agreed
to place the proceeds from the sale of the goods in a
bank to the credit of said William, and William was to
apply such proceeds on the mortgage debts he had,
which he did.  In this way the two first mortgages were
paid, and a small amount was paid on the last mort-
gage.    Gideon retained possession of the goods, and
sold all of them.    Plaintiff firm extended credit to
Gideon Van Loon, after the cancellation of the mort-
gage, for certain goods, which have not been paid for,
and for which they now have a judgment against
Gideon Van Loon.  The district court dismissed plain-
tiff's petition at their costs, and they except and appeal.

Much is said in argument touching the effect
of the failure of William Van Loon to record his mort-
gage, and it is contended by appellants that thereby a
legal fraud was perpetrated upon them, and that, there-
fore, the defendant should be prevented from asserting
any right under his mortgage.    They also insist that
the acts of William Van Loon constitute an estoppel as
to him, and in favor of the appellants.    We do not find
it necessary to decide these questions.    The evidence
before us does not show that William Van Loon ever
took possession of the goods covered by the mortgage;
hence he cannot be liable in this action.    True it is that
he has received, by reason of the arrangement with
Gideon Van Loon, sufficient of the proceeds of the sale
of the goods to satisfy the mortgage which it is claimed
he negligently failed to record; but by such an arrange-
ment William did not take possession of the goods or

exercise any dominion over them. Gideon had a perfect right to pay his debt in the way he did,—by depositing the proceeds of the sales of the goods in the bank to the credit of William Van Loon. Plaintiff, having no lien on the goods, cannot complain that their proceeds were actually applied on other debts owing by the mortgagor. As we have said, the debtor had a right to pay him in preference to plaintiff who had no lien upon the goods. The decree below is AFFIRMED.